SAM KOSGARIAN *vs.* FAIRMOUNT FOUNDRY COMPANY.

JUNE 22, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a petition for commutation of probable future weekly payments of a workman's compensation to a lump sum and is brought by an injured employee under the provisions of §25, article II, chapter 300, general laws 1938, otherwise known as the workmen's compensation act. The petition is based on the statutory ground "that the payment of a lump sum in lieu of future weekly payments will be for the best interest" of the injured employee. After a hearing in the superior court a decree was entered denying and dismissing the petition on the express ground that the use to which petitioner intended to put such lump sum would be an "unwise investment." From such decree petitioner has appealed to this court and for his reasons of appeal sets out that the superior court misconceived the evidence and based its decree on facts not in evidence.

On this appeal we are limited in our review of the superior court's decree to errors of law, which includes any abuse of discretion by that court. Under §25 that court is vested with

a broad discretion in granting or denying a petition of this kind based as it is on the ground of the best interest of the injured employee receiving weekly compensation. The statute reads: "Such petition shall be considered by the superior court and may be summarily granted where it is shown *to the satisfaction* of the court that the payment of a lump sum in lieu of future weekly payments will be for the best interest of the person or persons receiving or dependent upon such compensation." (italics ours) This, in our opinion, is a very broad grant of discretion to the superior court. However, it has been expressly held by this court that this is a judicial discretion which is subject to review for abuse. *Harvey* v. *Brown*, 56 R. I. 34. On such a review we are concerned only with the question whether or not there was any legal evidence before the superior court to support its decree. Where there is such evidence, regardless of its weight, there is no abuse of discretion and the decree of the superior court must stand. *Gardner* v. *Atlantic Tubing & Rubber Co.*, 60 R. I. 243.

In the *Harvey* case the decree was reversed because it was supported only by statements of counsel to the trial justice and not by any legal evidence. In an earlier case a decree of commutation by the superior court was also reversed by this court on the ground of lack of legal evidence to support it. *Bacon* v. *United Electric Rys. Co.*, 51 R. I. 84. That case, however, is cited here for the principle involved irrespective of the application of it to the evidence in that case.

In the instant case it is undisputed that petitioner is almost totally blind and is therefore permanently and totally disabled. He is receiving at present $20 a week and at the time of the hearing in the superior court the commuted value of such compensation remaining to be paid amounted to $5602.05. In support of his petition for commutation petitioner testified that he intended to use $3900 for the purchase of a six room house and an outbuilding on a tract of land of about ten acres in the city of Warwick, and to use $300 more in making repairs on the house. There was testimony that

this real estate was not worth more than $2800; that it was a considerable distance from the main highway; and that it was in poor repair and not habitable in its present condition. There was also testimony that petitioner's wife was employed near his home in Providence and earning $20 to $25 a week; that he had a daughter in her last year in high school; and that he was renting his present home.

The evidence, furthermore, showed that if petitioner removed to Warwick his wife would have a rather long ride by bus to reach her place of employment and that she would have a long distance to walk from the house in question to get to the main highway where she could board a bus for Providence. Neither petitioner's wife nor his daughter testified. What the petitioner intended to do on these premises, besides making them his home, is not too clear, but there was testimony that at least six acres of the land were tillable and that petitioner intended to till them and raise chickens.

The above is a substantial summary of what appears to be the most important evidence. We think a mere reading of it is sufficient to show that there was some legal evidence to support the trial justice's denial of the petition. The burden was on the petitioner in this proceeding to satisfy the superior court that the purchase of these premises was in his best interest and thus furnish the court with a sound and sufficient reason for commuting his weekly compensation to a lump sum to enable him to purchase them. This burden was not a light one in view of the holding of this court "that only exceptional circumstances can justify a departure from the general rule of periodical payments." *Bacon* v. *United Electric Rys. Co., supra*; *Harvey* v. *Brown, supra.* The trial justice in the instant case specifically found that the proposed use of the commutation would be an "unwise investment." There was certainly legal evidence from which an inference could be drawn to support such a conclusion. Moreover, there was direct expert evidence to that effect.

But petitioner contends that the trial justice misconceived the evidence in making his finding. He argues that the trial

justice misunderstood the purport of the testimony with regard to the use that he, the petitioner, intended to make of the premises in Warwick. The trial justice, he contends, interpreted the evidence as though it was the petitioner's intention to conduct a farm there or go into the business of raising poultry, and that on such grounds the trial justice concluded it was a "poor investment". We do not think that the reasoning on which he based his conclusion can fairly be confined within such a narrow compass. From our consideration of the evidence we are of the opinion that he reasoned from a broader base, namely, that to commute petitioner's payments merely to enable him to buy the real estate in question would quite definitely not be in the best interest of petitioner, because such real estate was a poor investment for the petitioner, regardless of whether he was buying it to farm or solely as a home for himself and his family.

Petitioner's appeal is accordingly denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for petitioner.

*Henry M. Boss, Francis W. Conlan,* for respondent.